UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON PAUL MATHISON,<br><br>                            Petitioner,<br><br>     v.<br><br>MICHAEL OBENLAND,<br><br>                            Respondent. | CASE NO. C18-0661-JLR-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Petitioner Jason Paul Mathison proceeds pro se and *in forma pauperis* in this habeas corpus matter pursuant to 28 U.S.C. § 2254. In 2005, petitioner plead guilty, pursuant to a plea agreement, to two counts of first-degree rape of a child (counts 1 and 2) and one count of possessing depictions of minors engaged in sexually explicit conduct (count 3). (Dkt. 13, Ex. 3.) On September 30, 2005, King County Superior Court sentenced petitioner under the Special Sex Offender Sentencing Alternative (SSOSA), Wash. Rev. Code. § 9.94A.670. (*Id.*, Ex. 7.) Under the SSOSA, petitioner received concurrent, indeterminate confinement terms of 131 months to life on counts 1 and 2, and a consecutive six-month term for count 3. (*Id.*) The trial court suspended the sentence on counts 1 and 2 on the conditions that petitioner serve 12 months in jail and participate in sex offender

REPORT AND RECOMMENDATION
PAGE - 1

treatment. (*Id*. at 4-5.) On May 18, 2012, the court revoked petitioner's SSOSA sentence for violating conditions of the suspended sentence. (*Id*., Ex. 13.) The court ordered that petitioner serve the remainder of his 131-month sentence, with credit for all confinement time previously served.

Petitioner here raises four grounds for relief in his habeas petition. (Dkt. 8.) Respondent submitted an answer, along with relevant portions of the state court record. (Dkts. 11 & 13.) Now, having considered the petition, the answer and record, and petitioner's reply (Dkts. 14-15), the Court recommends the habeas petition be DENIED and this case DISMISSED.

BACKGROUND

The Washington Court of Appeals described the underlying facts in this case as follows:

> In his statement on plea of guilty, Mathison acknowledged that in conjunction with the suspension of his sentence, he would be "placed in community custody for the length of the statutory maximum sentence of the offense," that he "will be ordered to participate in sex offender treatment," and that "[i]f a violation of the sentence occurs during community custody the judge may revoke the suspended sentence."
>
> . . . The sentencing court suspended 131 months of confinement on the rape counts and imposed a SSOSA sentence, requiring Mathison to first serve 12 months in prison on the pornography count, and to then follow an extensive set of requirements of his sentence and community custody conditions. The SSOSA portion of the judgment and sentenced included a box that was checked that the defendant shall undergo sex offender treatment "for [X] three years[.]" But the judgment and sentence also required Mathison to "comply with any other conditions stated in this [j]udgment and [s]entence," including that he "shall participate in the following crime-related treatment or counseling services: SSOSA treatment pursuant to sex deviancy evaluation of [Northwest] Treatment Associates with all treatment recommendations, attached." The sex offender evaluation attached as an addendum expressly stated that the "[e]stimated duration for group treatment would be three years plus." The sentencing court explained to Mathison that he would be required to successfully

REPORT AND RECOMMENDATION
PAGE - 2

> complete treatment, whether it took three years or more:
>
>> Now, most people who are subjected to this sentencing alternative succeed. Some of the most satisfying days that I have spent as a judge is when a defendant appears before me at the conclusion of the treatment period, after three or more years of treatment, and I receive not only passing, but sometimes glowing reports of the progress that such offenders have made as treatment recipients and as human beings. It's a genuine pleasure at that point to sign documents indicating their compliance and their success.
>
>> . . .
>
>> Upon release from jail, Mr. Mathison shall enter into and make reasonable progress and successfully complete a program for the treatment of sexual deviancy for a period of 3 years or however long it takes to so successfully complete the program with Northwest Treatment and associates.
>
> After serving a term of confinement, Mathison began treatment with Northwest Treatment Associates in January 2006. He remained active in treatment until February 8, 2012, when he was terminated based in part on information the Department of Corrections listed in its January 31, 2012 notice that Mathison violated conditions of his sentence. Specifically, the Department alleged that Mathison was engaged in a romantic relationship with a woman who had a one-year old daughter without disclosing the relationship to his community corrections officer or treatment provider as required. After he was terminated from treatment, the Department filed a supplemental notice of violation to include his noncompliance with the treatment requirement.
>
> At the superior court hearing to address Mathison's violations, the State alleged 14 violations. Mathison stipulated he had been terminated from treatment and that it was a violation of his SSOSA conditions.
>
> Mathison's sex offender treatment counselor, Mr. Dandescu, testified that Mathison had fooled his counselors into believing he was succeeding in treatment when in fact he was not. In addition, Mathison's own witness, sex offender treatment provider Marsha

Macy, testified about Mathison's deception at Northwest Treatment Associates:

> A.   . . . He said that he was doing well. He seemed to be in compliance. He would use – he would give little pieces of information of something he would do wrong in order to appear as if he was being disclosing and he was not. But that seemed to be generated more towards the end of his treatment. So, again, had he been someplace else, he may have been successfully advanced out of treatment and that would have never come to the foreground. So it's good fortune for the community that he was going where he was and that they were finally made aware that this was going on.
>
> Q.   You also indicated that Mr. Mathison has been characterized as a, quote, treatment failure.
>
> A.   Yes.
>
> . . .
>
> Q.   And also you characterized his behavior as an egregious disregard for his condition [of] treatment. Is that also fair to say?
>
> A.   Yes, it is.
>
> The trial court concluded that Mathison violated the terms of his sentence by being terminated from treatment and having unapproved minor contact, revoked his suspended sentence, and imposed the remainder of his sentence, 131 months, on the rape counts.

(Dkt. 13, Ex. 22, at 2-5 (footnotes omitted).)

Petitioner appealed the SSOSA revocation to the Washington Court of Appeals. His counsel argued the revocation violated due process because he did not receive adequate notice his suspended sentence could be revoked if he was terminated from treatment after having completed

REPORT AND RECOMMENDATION
PAGE - 4

the three years ordered by the court.  (*Id.*, Ex. 15.)  In a pro se statement of additional grounds, petitioner argued:  (1) the trial court lacked authority to revoke his SSOSA sentence; (2) ineffective assistance of counsel at revocation hearing; (3) denial of allocution at SSOSA revocation hearing; and (4) denial of credit for time spent participating in court-ordered treatment program.  (*Id.*, Ex. 17.)  On December 9, 2013, the Court of Appeals affirmed the revocation of petitioner's SSOSA sentence.  (*Id.*, Ex. 18.)  In an order dated January 21, 2014, the Court of Appeals amended its opinion and denied petitioner's motion for reconsideration.  (*Id.*, Exs. 21 & 22.)

Petitioner, proceeding pro se, sought discretionary review by the Washington Supreme Court, raising three issues:

> 1. What is the duration of court-ordered treatment required as a SSOSA condition; and can SSOSA be lawfully revoked when the court and treatment provider failed to fulfill their obligations, as mandated by state statute, which is the only way this condition could be met?
>
> 2. Does failure to conduct appropriate investigations, argue relevant issues, and protect defendant's right to allocution, constitute ineffective assistance of counsel?
>
> 3. Does "equal protection" require that a SSOSA recipient be granted credit against imposed sentence for time spent in a court-ordered treatment program?

(*Id.*, Ex. 25 at 4.)  On July 9, 2014, the Supreme Court denied review without comment.  (*Id.*, Ex. 26.)  The Court of Appeals issued its mandate on August 6, 2014.  (*Id.*, Ex. 27.)

On January 30, 2015, petitioner filed a pro se petition with the Court of Appeals challenging the superior court's order revoking his SSOSA.  In his five grounds for relief, petitioner argued:  (1) the trial court's failure to schedule the treatment termination hearing under RCW § 9.94A.670 rendered his judgement and sentence facially invalid; (2) the SSOSA condition prohibiting contact with minors could not be in effect after the required period of treatment

REPORT AND RECOMMENDATION
PAGE - 5

participation ended; (3) violation of community custody conditions contrary to and conflicting with SSOSA statute could not merit revocation of SSOSA sentence; (4) ineffective assistance of counsel at sentencing, revocation, and on direct appeal; and (5) equal protection requires he receive credit for time spent on community custody prior to revocation. (*Id*., Ex. 28.)

The Acting Chief Judge of the Court of Appeals dismissed the petition as untimely in an order of dismissal dated January 14, 2016. (*Id*., Ex. 32.) The order noted petitioner's original judgment and sentence became final on October 7, 2005, the date it was filed with the clerk of the trial court. (*Id*. at 3.) (*See also id*., Ex. 7); RCW § 10.73.090(3)(a). All of petitioner's claims challenging the original judgment and sentence were time-barred and, even if one or more claims were not time-barred, the petition was, at best, a "mixed" petition containing both timely and untimely claims and subject to dismissal. (Dkt. 13, Ex. 32 at 4-5.) Also, petitioner's equal protection claim, previously raised and rejected on direct appeal, was barred given his failure to show the interests of justice required re-litigation of the issue. (*Id*. at 5.) Finally, even if the court were to exercise its discretion and address remaining claims that were neither untimely nor previously litigated, petitioner failed to establish his entitlement to relief. (*Id*. at 5-7.)

Petitioner sought discretionary review by the Supreme Court. (*Id*., Ex. 35.) On December 19, 2016, the Commissioner of the Supreme Court denied review. (*Id*., Ex. 36.) Petitioner moved to modify the Commissioner's ruling, and the Supreme Court denied that motion without comment. (*Id*., Exs. 37-38.) The Court of Appeals issued its certificate of finality on March 24, 2017.

Petitioner promptly filed a notice of appeal in King County Superior Court, under the original trial court cause number and seeking review of the September 30, 2005 judgment and sentence. (*Id*., Ex. 40.) At the same time, petitioner filed a memorandum in support of the notice

of appeal with the Court of Appeals arguing he was never informed in 2005 of his right to appeal after pleading guilty. (*Id.*, Ex. 41.) The clerk of the Court of Appeals appointed counsel, noted the notice of appeal was untimely under Washington Rule of Appellate Procedure (RAP) 5.2, and directed counsel to file a motion for extension of time to file the notice of appeal pursuant to Title 17 and RAP 18.8. (*Id.*, Ex. 42; *see also id.*, Exs. 43-44 (substitute counsel appointed due to a conflict of interest).)

Counsel for petitioner filed a motion for an extension of time to file an appeal and a supporting memorandum. Counsel argued petitioner did not knowingly, voluntarily, and intelligently waive his right to appeal in 2005 because his attorney at that time failed to advise him he could file an appeal. (*Id.*, Ex. 45.) On August 2, 2017, the Commissioner for the Court of Appeals denied the motion to extend time, concluding:

> Several factors support a strong inference that Mathison knowingly, intelligently, and voluntarily waived his limited right to appeal the judgment and sentence entered following his guilty plea. When Mathison pleaded guilty, the court imposed the SSOSA at his request. He participated in treatment for six years before he was terminated. When his SSOSA was revoked, Mathison stipulated that his termination was a violation of his SSOSA conditions. Mathison was advised of his right to appeal revocation of his SSOSA and he did so. On appeal this court determined that Mathison had ample notice that he was required to successfully complete treatment as a condition of his community custody, even if it took longer than three years, and that his actions and words reveal he was not confused about this requirement, noting that when Mathison was terminated from treatment, he sought admission to a different program. In neither his appeal of the SSOSA revocation or his personal restraint petition did Mathison argue that he was not advised of the right to appeal or that he would have timely appealed his judgment and sentence if he had known he could. It is only now, twelve years after he pleaded guilty and accepted the terms of his SSOSA, failed to successfully complete treatment, and faces a lengthy sentence, that he claims if he had known he could appeal his judgment and sentence, he would have timely done so. The State has demonstrated that Mathison knowingly relinquished his limited

REPORT AND RECOMMENDATION
PAGE - 7

right to appeal his 2005 judgment and sentence. (*Id.*, Ex. 47 at 6-7.)  Counsel for petitioner filed a motion to modify the Commissioner's ruling, which the Court of Appeals denied.  (*Id.*, Exs. 48-49.)

Petitioner, proceeding pro se, filed a motion for discretionary review with the Washington Supreme Court, reiterating his prior arguments that he was unaware of his right to appeal in 2005 and did not knowingly, voluntarily, and intelligently waive that right.  (*Id.*, Ex. 50.)  On December 22, 2017, the Commissioner of the Supreme Court denied review, agreeing with the lower court's ruling that the record showed petitioner had knowingly waived the right to appeal.  (*Id.*, Ex. 51.)  Petitioner to modify the ruling, and the Supreme Court denied that motion without comment on March 7, 2018.  (*Id.*, Exs. 52-53.)  The Court of Appeals issued its mandate on March 23, 2018.

On June 30, 2017, while his motion to file an appeal was pending in the Court of Appeals, petitioner filed a pro se motion under Washington Superior Court Criminal Rule (CrR) 7.8 to withdraw his guilty plea.  (*Id.*, Ex. 55.)  Petitioner argued his guilty plea was based on misinformation and therefore involuntary, and that he was not informed of the time limit for moving to withdraw his plea or the misinformation until after the time limit had passed.  The superior court found the motion time-barred and, in accordance with CrR 7.8(c)(2), transferred it to the Court of Appeals for consideration as a personal restraint petition.  (*Id.*, Ex. 56.)  On March 3, 2018, petitioner moved to amend the petition to raise a claim that the sentencing court exceeded its jurisdiction by imposing a SSOSA condition requiring sex offender treatment for more than three years' duration.  (*Id.*, Ex. 57.)  Petitioner thereafter, on May 4, 2018, filed his federal habeas petition in this Court.  (Dkt. 1.)

At the time of the filing of the state court record in this habeas proceeding, the State had responded to the personal restraint petition pending in the Court of Appeals.  (Dkt. 13, Ex. 58.)

REPORT AND RECOMMENDATION
PAGE - 8

The State argued the petition should be dismissed as untimely, successive, raising claims previously considered and rejected on direct appeal, and frivolous. A review of the state court docket reveals that, on August 29, 2018, the Court of Appeals issued an order terminated review. *See* https://dw.courts.wa.gov (Washington Court of Appeals, Division I, Cause No. 77084-5-I). A search in the Washington Supreme Court reveals no filings under petitioner's name after the August 2018 Court of Appeals ruling. *See* https://dw.courts.wa.gov.

## DISCUSSION

Petitioner raises four grounds for relief in this habeas proceeding, summarized as follows:

1. Plea was not knowing, voluntary, and intelligent due to misinformation received in the plea agreement and during the plea hearing regarding the duration of sex offender treatment and whether a term of community custody would be imposed.

2. Ineffective assistance of counsel at 2005 sentencing and 2012 SSOSA revocation hearing.

3. SSOSA sentence invalid because condition requiring he remain in sex offender treatment longer than three years violated the court's statutory authority.

4. SSOSA condition requiring successful completion of sex offender treatment was unconstitutionally vague and undefined.

(Dkt. 3 at 6, 8-9.)

Respondent argues the habeas petition is time-barred under 28 U.S.C. § 2244(d) and should be dismissed on that basis. Respondent also argues that, while the Court need not consider issues of exhaustion and procedural default given that the petition is untimely, the first and fourth grounds for relief are unexhausted and procedurally barred under an independent and adequate state ground. The Court agrees with respondent that the Court need only consider the time-bar and that

REPORT AND RECOMMENDATION
PAGE - 9

the petition is untimely under 28 U.S.C. § 2244(d) and should be denied and this action dismissed on that basis.

A.     Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).

The period of limitation usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1). The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE - 10

§ 2244(d)(2).

In this case, the statute of limitations began to run on the date on which the judgment became final. § 2244(d)(1)(A). Petitioner's conviction became final for the purposes of § 2244 (d)(1)(A) on November 6, 2005, thirty days after it was filed with the clerk of the superior court. (*See* Dkt. 13, Ex. 7 (judgment and sentence filed October 7, 2005).) The time for seeking direct review of the judgment and sentence expired on that date. RAP 5.2(a) (notice of appeal must be filed within thirty days after entry of the decision the party filing the notice wants reviewed); *Gonzalez*, 565 U.S. at 149-50 (judgment becomes final under § 2244(d)(1)(A) when the time for pursing direct review expires).

B.   Claims Barred under § 2244(d)(1)(A)

Petitioner's first, third, and fourth claim, and the part of his second claim alleging ineffective assistance of counsel during his guilty plea and sentencing, directly challenge his 2005 judgment and sentence. (*See* Dkt. 8 at 6, 8-9.) That judgment and sentence became final on November 6, 2005, and petitioner did not seek review in a timely manner. His federal habeas petition, constructively filed on May 4, 2018, is time-barred.

As reflected above, petitioner attempted to reinstate the time for filing an appeal. The state court denied the untimely notice of appeal and request to reinstate the time for filing a direct appeal on the ground that petitioner knowingly waived his right to appeal. (Dkt. 13, Exs. 47 & 51.) When a petitioner file an untimely appeal, subsequently dismissed by a state court as untimely, the date of finality remains the original date for filing a timely appeal, not the date the state court dismissed the appeal as untimely. *Randle v. Crawford*, 604 F.3d 1047, 1054-55 (9th Cir. 2010). The state court dismissal of the untimely appeal does not constitute the "'conclusion of direct review'" under § 2244(d)(1)(A) or otherwise "restart" the statute of limitations. *Id*.

REPORT AND RECOMMENDATION
PAGE - 11

Nor did any personal restraint petition toll the statute of limitations. The one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. § 2244(d)(2). Petitioner filed his first personal restraint petition, in part challenging the 2005 SSOSA proceedings (Dkt. 13, Ex. 28), on January 30, 2015, many years after the expiration of his federal statute of limitations. "'[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.'" *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)). Moreover, because that petition was deemed time-barred under RCW 10.73.090 (*see* Dkt. 13, Exs. 32 & 36), it was not properly filed and could not toll the statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). For this reason, and for the reasons stated above, petitioner's first, third, fourth, and part of his second claim are time-barred.

C.     Claim Barred under § 2244(d)(1)(D)

As argued by respondent, petitioner's second claim appears in part subject to a different commencement date under § 2244(d)(1)(D) (statute of limitations begins to run on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence). That is, the factual predicate underlying the portion of the claim alleging ineffective assistance of counsel in relation to the SSOSA revocation did not occur until the 2012 revocation hearing and petitioner's filing of a timely notice of appeal from the superior court's order revoking his SSOSA. However, this claim is also time-barred.

REPORT AND RECOMMENDATION
PAGE - 12

Petitioner's appeal from the revocation became final on July 9, 2014, when the Washington Supreme Court denied the petition for review. (Dkt. 13, Ex. 26.)  Petitioner waited almost four years, until May 4, 2018, before filing his § 2254 petition in this Court.  The statute of limitations was not tolled by the filing of his first personal restraint petition or any subsequent filings not "properly filed" for purposes of § 2244(d)(2).  As with petitioner's other claims, his challenge to the SSOSA revocation proceeding is untimely under § 2254(d).

D.   Equitable Tolling

The one-year statute of limitations under § 2254(d) is subject to equitable tolling. *Holland v. Florida*, 530 U.S. 631, 645-46 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 530 U.S. at 649 (quoting *Pace*, 544 U.S. at 418) (emphasis deleted).  In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner asserts that, due to misinformation in his plea agreement regarding required participation in treatment, ambiguous wording during sentencing that appeared to reflect the content of the plea agreement, ineffective assistance of counsel for failing to object to the condition of treatment imposed at sentencing or to inform him of his right or need to appeal, and conflicting state court rulings caused the lengthy delay in his attempt to appeal his suspended sentence. (Dkt. 8 at 13-14 and Dkt. 14 at 10-19.)  Petitioner maintains he could not have discovered misinformation

made his plea involuntary until after the state courts made their rulings following the revocation hearing and that, since that time, he has been in a near constant state of appeal, with no lag time between his various motions and petitions. (*Id*. at 14.)

Petitioner fails to show the extraordinary circumstances or diligence required to establish his entitlement to equitable tolling. Petitioner's arguments reiterate the substance of his claims for relief. They do not explain why petitioner waited until May 2018 to file a federal habeas petition. As argued by respondent, petitioner's pursuit of untimely and unsuccessful state-court actions does not either demonstrate his diligence or excuse his lack of diligence in pursuing a federal habeas action. As reflected in the discussion above, petitioner continued to pursue state-court relief long after he was aware of facts underlying the allegations he presents in his petition.

Petitioner, in sum, fails to demonstrate the diligent pursuit of his rights and extraordinary circumstances standing in his way and making impossible the timely filing of his federal habeas petition. The Court does not find petitioner entitled to the equitable tolling of the statute of limitations.[1]

## CONCLUSION

Because petitioner filed his habeas petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated he is entitled to tolling of that period, his petition is time-barred under § 2244(d). The Court, therefore, recommends petitioner's federal habeas petition be DENIED and this case DISMISSED. An evidentiary hearing is not required as the record conclusively shows petitioner is not entitled to relief. A proposed Order accompanies

---

[1] Petitioner does not allege, nor does the Court find support for a claim of "actual innocence" providing an equitable exception to the statute of limitations. *See McQuiggen v. Perkins*, 569 U.S. 383, 392-99 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Lee v. Lampert*, 653 F.3d 929, 932-38 (9th Cir. 2011).

this Report and Recommendation.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes petitioner is not entitled to a COA with respect to his claims.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 4, 2019**.

DATED this 7th day of December, 2018.

[signature]

Mary Alice Theiler
United States Magistrate Judge