UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON PAUL MATHISON,<br><br>    Petitioner,<br>    v.<br><br>MIKE OBENLAND,<br><br>    Respondent. | CASE NO. C18-0661JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND TERMINATING ACTION |

## I.   INTRODUCTION

Before the court is *pro se* and *in forma pauperis* Petitioner Jason Paul Mathison's objections to Magistrate Judge Mary Alice Theiler's report and recommendation denying Petitioner's 28 U.S.C. § 2254 habeas corpus petition.  (*See* Objections (Dkt. # 18); *see also* R&R (Dkt. # 17).)  Respondent Mike Obenland filed a response to Petitioner's objections.  (*See* Resp. (Dkt. # 19).)  For the reasons discussed below, Petitioner's objections are OVERRULED, and his 28 U.S.C. § 2254 petition is DISMISSED WITH PREJUDICE.

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

## III. ANALYSIS

Liberally construed, Petitioner's objections to the report and recommendation present three issues for the court's review: (1) whether Magistrate Judge Theiler made a factual error in her time-bar analysis under 28 U.S.C. § 2244(d); (2) whether Magistrate Judge Theiler erred in denying Petitioner equitable tolling of the statute; and (3) whether the pendency before the Washington Supreme Court of Petitioner's successive personal restraint petition—which he filed in 2017, after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statutory period had expired in his case— restarts the AEDPA time period. (*See generally* Objections; *see also* Resp.)

//

//

**A.     Magistrate Judge Theiler Made No Factual Error in Her Time-Bar Analysis**

Magistrate Judge Theiler correctly concluded that Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d). Petitioner failed to identify any error in Magistrate Judge Theiler's calculation of the date of finality for Petitioner's underlying judgment and sentence, which was November 6, 2005, or Petitioner's 2012 Special Sex Offender Sentencing Alternative ("SSOSA")[1] revocation order, which was July 9, 2014. The state appellate courts expressly dismissed Petitioner's personal restraint petition as untimely under RCW 10.73.090, and he is therefore not entitled to statutory tolling of the federal time limit under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a collateral review petition dismissed by the state court as untimely under state law is not "properly filed" for purposes of § 2244(d)(2)). Thus, this court concludes that Magistrate Judge Theiler correctly ruled that the federal time limit expired long before Petitioner filed his § 2254 habeas corpus petition with this court on May 4, 2018.

**B.     Magistrate Judge Theiler Correctly Denied Equitable Tolling**

The court has reviewed Petitioner's objections to Magistrate Judge Theiler's equitable tolling analysis, but nevertheless finds Magistrate Judge Theiler's analysis persuasive. (*See* Objections at 2-3, 6-7; *see also* R&R at 13-14.) The court agrees with Magistrate Judge Theiler that Petitioner failed to demonstrate the extraordinary circumstances or diligence required to establish his entitlement to equitable tolling.

---

[1] *See* RCW 9.94A.670.

Accordingly, the court adopts and affirms that portion of Magistrate Judge Theiler's report and recommendation. (*See* R&R at 13-14.)

**C.    The Pendency of Petitioner's Successive Personal Restraint Petition Does Not Affect the AEDPA Time-Bar Analysis**

In addition, the court concludes that the pendency of Petitioner's successive personal restraint petition before the Washington Supreme Court does not invalidate Magistrate Judge Theiler's AEDPA statute of limitations time-bar analysis. On August 29, 2018, the Washington Court of Appeals transferred Petitioner's personal restraint petition to the Washington Supreme Court as a successive petition pursuant to RCW 10.73.140. Contrary to Petitioner's assertion, in routinely transferring his petition under RCW 10.73.140, the Court of Appeals made no finding that his petition was timely. Moreover, even if the Washington Supreme Court ultimately holds that Petitioner's successive personal restraint petition is not time-barred under state law, that ruling would not restart the AEDPA clock. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)). Once the AEDPA limitations period has run, a state collateral action cannot revive it. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Thus, the court concludes that Petitioner's § 2254 habeas corpus petition is time-barred.

**D.    Certificate of Appealability**

Lastly, the court independently concludes that Petitioner is not entitled to a Certificate of Appealability because jurists of reason could not disagree with the court's

resolution of his claims or conclude that the issues presented deserve to proceed further. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV. CONCLUSION

(1) The court ADOPTS Magistrate Judge Theiler's report and recommendation (Dkt. # 17) in its entirety;

(2) The court DENIES Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 8).

(3) The court DISMISSES Petitioner's 28 U.S.C. § 2254 habeas corpus petition and this action WITH PREJUDICE;

(4) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court DENIES a certificate of appealability with respect to all grounds for relief asserted in this federal habeas corpus action; and

(4) The court DIRECTS the Clerk to send copies of this order to all counsel of record and to Magistrate Judge Theiler.

Dated this 7th day of February, 2019.

JAMES L. ROBART
United States District Judge